## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

SUMMERS-WOOD L.P. d/b/a
ROLY POLY TEXAS; SUMMERS-
WOOD MANAGEMENT, L.L.C.;
JOHN W. SUMMERS; and
J. MICHAEL WOOD,

       Plaintiffs,

      v.                           Case No.: 3:08-cv-60/RV/MD

LINDA WOLF and JULIE REID,

       Defendants.

_____/

## ORDER

      The defendants, Linda Wolf and Julie Reid, have filed a motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6), to transfer venue pursuant to 28 U.S.C. § 1404(a), or, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e) (doc. 5). The plaintiffs oppose this motion in all respects.

**I.    BACKGROUND**

      The following facts appear to be undisputed. Wolf is the president and Reid is the vice-president of Roly Poly Franchise Systems, LLC ("Roly Poly"), a Georgia company. Roly Poly is a restaurant franchisor specializing in rolled sandwiches and food and beverage products. For the period relevant to this case, the defendants operated Roly Poly from their homes in Jacksonville, and then Key West, Florida. The defendants moved to Westport, Connecticut, in December 2006, more than one year before this litigation was filed. The plaintiffs, John W. Summers and J. Michael Wood, are Texas residents and controlling principals of Summers-Wood L.P. and Summers-Wood Management LLC. Both entities have their principal place of business in or around Dallas, Texas.

      The parties entered into a Master Development Agreement ("MDA") in late 2001

or early 2002, which granted the plaintiffs sub-franchise rights to sell Roly Poly franchises in Texas. It is not clear where the MDA was negotiated and signed. In any event, the parties' business relationship soured, and, in or about April 2005, Roly Poly terminated the MDA and filed suit against the plaintiffs in Georgia. Thereafter, in July 2005, the plaintiffs responded by filing suit in Texas against Roly Poly, and Wolf and Reid individually, alleging, *inter alia*, fraud, breach of contract, breach of fiduciary duty, interference with business or contractual relationships, violations of the Texas Deceptive Trade Practices Act, negligent misrepresentation, and unfair competition. In addition to seeking damages for these claims, the plaintiffs sought a constructive trust, declaratory relief, punitive damages, and attorney fees. The claims against Wolf and Reid were dismissed for lack of personal jurisdiction, but the case continued against Roly Poly. That case is still pending in Texas. The plaintiffs thereafter filed a new action against Wolf and Reid in the Circuit Court for Escambia County (Pensacola), Florida. Their attorney has stated by affidavit that this particular forum was selected:

> Because Pensacola is the most convenient city and, accordingly, forum for this case, and because many of the facts giving rise to Plaintiffs' causes of action occurred in Florida and because Florida law may apply to many or all of the causes of action involved in this case . . . and because I live and practice here.

In their Florida complaint, the plaintiffs advanced substantially the same causes of action against Wolf and Reid and sought substantially the same relief against them as they did in the Texas litigation. The case was removed to this court on the basis of diversity, and, as noted, the defendants now move to dismiss, transfer venue, or for a more definite statement.

## II.    DISCUSSION

The defendants "respectfully request that the Court withhold ruling on the [motion to dismiss or for a more definite statement]" if transfer is granted. They contend that in such a situation it would be appropriate to "allow the transferee court to decide those motions upon transfer." I agree and, therefore, will treat the

question of venue as a threshold issue.[1]

The defendants, as noted, are not subject to personal jurisdiction in Texas, so that forum is not an option. The question is whether the case should remain in this district or be transferred to the United States District Court for the District of Connecticut.[2] The defendants request that the case be transferred to Connecticut under

---

[1] Numerous courts have determined that when a motion to transfer venue is contained within a motion to dismiss or for other relief, it is proper to decide the venue issue first and then, if transfer is granted, deny the remainder of the motion as moot or leave the issue(s) to be "more properly dealt with by the judge who will be presiding over the litigation." *See, e.g., Central Hudson Gas and Elec. Corp. v. Empresa Naviera Santa S.A.*, 769 F. Supp. 208, 210 (E.D. La. 1991); *Century Furniture, LLC v. C & C Imports, Inc.*, 2007 WL 2712955, at *1 (W.D.N.C. 2007); *Eagle Star Group, Inc. v. R.J. Ahmann Co.*, 2007 WL 2042523, at *3 (D. Kan. 2007); *Improvita Health Products, Inc. v. F & F Foods, Inc.*, 2007 WL 1577789, at *1 (N.D. Ohio 2007); *Winery v. Graham*, 2007 WL 963252, at *8 (N.D. Cal. 2007); *Munoz v. England*, 2006 WL 3361509, at *1 (D.D.C. 2006); *Shamrock Materials, LLC v. Alliance Companies, LLC*, 2006 WL 1892722, at *1 n.1 (E.D. Pa. 2006); *Wiggins v. Carnival Corp.*, 2005 WL 2086043, at *4 (W.D. Tex. 2005); *International Union, United Auto., Aerospace & Agricultural Implement Workers of America v. C.F. Gomma, U.S.A., Inc.*, 2005 WL 1838344, at *1 (E.D. Mich. 2005); *Versus Technology, Inc. v. Hillenbrand Indus.*, 2004 WL 3457629, at *4 (W.D. Mich. 2004); *Dorsey v. Northern Life Ins. Co.*, 2004 WL 2496214, at *1 (E.D. La. 2004); *Foothill Capital Corp. v. Kidan*, 2004 WL 434412, at *4 (S.D.N.Y. 2004); *Mishnayot v. MGM Mirage*, 2002 WL 257849, at *3 (S.D.N.Y. 2002); *Thomas Engineering v. McLean*, 2001 WL 811653, at *4 (N.D. Ill. 2001); *Bernard v. Schech*, 2001 WL 560983, at *4 n.6 (E.D. Mich. 2001); *Clesi v. Zinc Corp. of America*, 2001 WL 225241, at *3 (S.D.N.Y. 2001); *Handler v. Regents of University of Michigan*, 2000 WL 1635701, at *3 (S.D.N.Y. 2000); *Robinson v. Weiss*, 2000 WL 231905, at *4 (E.D. Pa. 2000); *XR Co. v. Block & Balestri, P.C.*, 44 F. Supp. 2d 1296, 1298 (S.D. Fla. 1999); *Dubois v. Municipality of Carolina*, 1998 WL 75052, at *1 (D. Virgin Islands 1998); *Stonehenge Ltd. v. Garcia*, 989 F. Supp. 539, 540 (S.D.N.Y. 1998); *In re All Terrain Vehicles Litigation*, 1989 WL 30948, at *2 (E.D. Pa. 1989); *Levinson Advertising, Inc. v. Trump Organization.*, 1988 WL 87313, at *1 (E.D. Pa. 1988); *McCarthy v. KFC Corp.*, 1984 WL 1048, at *4 (N.D. Ill. 1984).

[2] Presumably, this litigation could also be transferred to the Middle District of Florida (which encompasses Jacksonville) or the Southern District of Florida (which encompasses Key West), where the defendants lived and worked at different times during the events giving rise to the case. However, the defendants do not seek transfer

28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties agree that this case "might have been brought" in the District of Connecticut and, consequently, the sole issue to be decided is whether the interests of justice and convenience warrant transfer to that court. In making this determination, there is no single dispositive factor, but I must generally consider: (1) the convenience of witnesses; (2) the location of relevant documentary evidence and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative financial means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and lastly, (9) trial efficiency and the interests of justice, based on a totality of the circumstances. *See, e.g., Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The decision to transfer a case under Section 1404(a) "is left to the sound discretion of the trial court" and will not be overturned except for "a clear abuse of discretion." *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).

      1.    *<u>Convenience of the witnesses</u>*

      This initial factor is "'probably considered the single most important factor in the analysis whether a transfer should be granted.'" *Gonzalez v. Pirelli Tire, LLC*, 2008 WL 516847, at *2 (S.D. Fla. 2008) (citation omitted). But, in this case, this factor is mostly neutral. All of the non-party witnesses listed in the Rule 26(a)(1) disclosures who are expected to testify at trial reside in various parts of Texas (*e.g.*, Ft. Worth, North Richland Hills, Dallas, San Marcos, Plano, Lewisville, Austin, Flower Mound, San Antonio, Arlington, Irving, Houston, Richardson, Weatherford, Rowlett, Lubbock, Denton, Longview, Mesquite, Allen, Temple, Euless, Sachse,

---

to either venue, but instead only seek transfer to the District Court of Connecticut. Nor do the plaintiffs suggest either Florida venue as an alternative.

Coppell, Southlake, Decatur, and McKinney). Of these cities, the nearest one to Pensacola is Houston, which is approximately 530 miles away, and the farthest is Lubbock, which is approximately 1000 miles away (one-way distance). The parties have not identified a single witness that resides in or near the Northern District of Florida. Thus, regardless of whether the case is in this district or is transferred to Connecticut, all the witnesses will have to travel a significant distance for the trial in this matter.[3]

**2.** ***Location of the relevant documents and relative ease of access to sources of proof***

No events related to the case occurred in this district. There is no suggestion or claim that any relevant documents and/or other evidence are located here. The documentary evidence is either in Texas (with the plaintiffs) or in Connecticut (with the defendants). All of the evidence, obviously, could be made available in either forum.

**3.** ***Convenience of the parties***

This factor strongly favors transfer. The plaintiffs reside in or around Dallas, which is approximately 1300 miles and a 22-hour drive from Pensacola (round trip). The defendants live in Westport, Connecticut, which is almost twice that distance. If the case remains in this district, both sides will have to travel a significant distance to get to this court. But, if the case is transferred to Connecticut, it would at least make it appreciably more convenient for the defendants. By filing here, the plaintiffs are obviously willing to assume the expense and inconvenience of traveling to a distant forum. Since the defendants

---

[3] The plaintiffs contend that this district is a more convenient venue because --- despite its distance from Texas --- "Florida is easier to travel to than Connecticut." For this, the plaintiffs point out that there are daily airline flights between Texas and Florida. While it may be true that it might be easier to travel from Texas to Florida rather than to Connecticut, in this day of modern transit, the difference is not very significant. To be sure, there are also daily flights between Texas and Connecticut, with the only difference being that the traveler might have to spend a few extra hours en route, and some additional cost in the airfare.

*Case No.: 3:08-cv-60/RV/MD*

are the involuntary parties to this litigation, their convenience should be considered.

### 4.   *Locus of operative facts*

Again, no relevant acts or omissions took place in this district. It is true that the defendants resided in other parts of Florida when the MDA was entered into and put into effect, and Roly Poly was operated out of their homes at the time. But, the link to Florida (and, specifically, to *this* district) is otherwise very attenuated because the MDA was clearly intended to be carried out in Texas.

### 5.   *Availability of process to compel the attendance of witnesses*

This factor is neutral as the District of Connecticut will have just as much authority and ability to compel witness attendance as this court.

### 6.   *Relative means of the parties*

There is no indication in the record or pleadings as to the respective means of the parties. Accordingly, this factor neither favors nor counsels against transfer.

### 7.   *A forum's familiarity with the governing law*

The parties disagree on which state's law controls, although neither side is entirely confident of its position. The defendants suggest that "Texas law *is likely* to apply to this action," while the plaintiffs suggest that "Florida law *may* apply to many or all of the causes of action involved in this case." I need not resolve this question. Assuming *arguendo* that Texas law applies, the District of Connecticut will be just as capable as this court of applying foreign law. If Florida law applies, although it is perhaps "judicially desirable to have cases decided by a court familiar with the substantive law to be applied," any advantage to be gained by having a local court decide the case is "not generally considered a highly significant one." *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 991 (E.D.N.Y. 1991).

### 8.   *Weight accorded to the plaintiffs' choice of forum*

I recognize that, ordinarily, a plaintiff's choice of forum is given considerable deference. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996) (plaintiffs' choice of forum should not be disturbed unless it is clearly outweighed

Case 3:08-cv-00060-RV-MD   Document 20   Filed 05/23/08   Page 7 of 9

Page 7 of  9

by other considerations). However, it is well settled that "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Gonzalez*, *supra*, 2008 WL 516847, at *2 (*citing Windmere Corp. v. Remington Prod.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985); *Balloveras v. Purdue Pharma Co.*, 2004 WL 1202854, at *1 (S.D. Fla. 2004); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005); *Hernandez*, *supra*, 761 F. Supp. at 990). As one district court has explained: "This court respects a plaintiff's right to file suit in the forum of her choosing. That choice is not entitled to the weight it is generally accorded, however, where there is no material connection between the forum and the events underlying the cause of action." *Delarosa v. Holiday Inn*, 2000 WL 648615, at *5 (S.D.N.Y. 2000) (citing cases); *see also Chierchia v. Treasure Cay Servs.*, 738 F. Supp. 1386, 1388 (S.D. Fla. 1990) (where a plaintiff "has no personal connection to this forum . . . her choice of forum is entitled to slightly less deference than would otherwise be the case"); *accord Hernandez*, *supra*, 761 F. Supp. at 990 ("where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded 'great weight' and in fact is given reduced significance.").

Here, as I have noted several times, the events giving rise to this case have no connection whatsoever with this district. Indeed, the only connection between the action and this district appears to be the presence of the plaintiffs' attorney. But, "of all the factors considered on a transfer motion, the location of counsel is entitled to the least consideration." *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1304 (S.D. Fla. 2002); *accord Nolte v. BellSouth Telecomms., Inc.*, 2007 WL 2253561, *3 (N.D. Ala. 2007) (explaining that "the convenience of plaintiff's counsel is entitled to little weight when determining whether transfer is

Case No.: 3:08-cv-60/RV/MD

appropriate").[4]

### 9. *Interests of justice, based on the totality of the circumstances*

And lastly, I must consider whether the interests of justice weigh in favor of transfer. This factor includes, but is not limited to, consideration of prejudice to the non-moving party (such as the delay in resolving the dispute) and the fairness of imposing jury duty on citizens of the transferee forum. *See, e.g., Chierchia*, *supra*, 738 F. Supp. at 1388. There is no indication that the plaintiffs will be prejudiced by transfer. This case is in its infancy and the parties have not even begun discovery. Nor would it be unfair to impose jury duty upon the citizens of the District of Connecticut. To the contrary, the defendants are Connecticut residents accused in multiple counts of fraud and related activity and, as such, I believe it would be only fair and proper to have the case decided by jurors from that state, as opposed to the jurors in an unrelated district.

In sum, I have carefully considered each of the above factors and find that they are mostly neutral or weigh in favor of transfer. "'[I]t is undisputed that courts will not blindly prefer the plaintiffs' choice of forum' over a more convenient location." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 399 (E.D. Mich. 1994) (citation omitted). Transferring the case to the District of Connecticut would be significantly more convenient for the defendants, while, at the same time, it would be only slightly less convenient (if at all) for the plaintiffs and witnesses. Given the extremely limited connection with this forum, on balance, I conclude that transfer is appropriate in the interests of justice.

## III. CONCLUSION

For the above-stated reasons, the defendants' motion (doc. 5), to the limited extent that it seeks transfer of venue, is GRANTED. The case is hereby

---

[4] Whatever deference should be given to the plaintiffs' "first choice" of forum is also undercut somewhat by the fact that this forum was not their first choice; Texas was. The case was filed in this district only after the Texas court dismissed the individual claims against Wolf and Reid for lack of jurisdiction.

TRANSFERRED to the United States District Court for the District of Connecticut.
All other pending motions are carried with the case.

DONE and ORDERED this 23rd day of May, 2008.

/s/ *Roger Vinson*

**ROGER VINSON**
**Senior United States District Judge**